UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
6·20·09

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA                    :
                                            :
v.                                          :  CASE NO. 3:08-cr- 216· J. 3 3 MCR
                                            :
CARMEN D. MUNNINGS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E.

O'Neill, United States Attorney for the Middle District of Florida, and the defendant,

Carmen D. Munnings, and the attorney for the defendant, Ronald W. Maxwell, mutually

agree as follows:

A.    **Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.

Count One charges the defendant with knowingly and willfully embezzling, stealing and

converting to her own use, monies of the United States and a department and agency

thereof, of a value in excess of $1000.00, in violation of 18 U.S.C. § 641.

Defendant's Initials _CDM_

AF Approval _BJ_

2.    Maximum Penalties

Count One carries a maximum sentence of up to 10 years imprisonment, a fine of $250,000.00, or both, a term of supervised release of not more than 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| First: | That the money or property described in the information belonged to the United States; |
|--------|----------------------------------------------------------------------------------------|
| Second: | That the defendant stole such money or property for her own use or the use of another; |
| Third: | That the defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken; and |
| Fourth: | That the money or property had a value in excess of $1,000. |

Defendant's Initials _____                2

### 4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

### 5. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to Navy Exchange Command in the amount of $4,500.00, the amount of lost sales to the Navy Exchange Command during the period of November 1, 2007 through January 10, 2008 resulting from the defendant's criminal misconduct.

### 6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

### 7. Adjusted Offense Level - Estimate Only

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 4, as determined below:

Defendant's Initials $\underline{\text{CDm}}$          3

| Guideline | Description | Levels |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense | 6 |
| § 3E1.1(a) | Acceptance of Responsibility | -2 |

Total Adjusted Offense Level      4

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

### 8. Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

## B. Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to

Defendant's Initials _____      4

18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or §
3579, including restitution as to all counts charged, whether or not the defendant enters
a plea of guilty to such counts, and whether or not such counts are dismissed pursuant
to this agreement. On each count to which a plea of guilty is entered, the Court shall
impose a special assessment, to be payable to the Clerk's Office, United States District
Court, and due on date of sentencing. The defendant understands that this agreement
imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is
pleading provides for imposition of a term of supervised release upon release from
imprisonment, and that, if the defendant should violate the conditions of release, the
defendant would be subject to a further term of imprisonment.

3.   Sentencing Information

The United States reserves its right and obligation to report to the Court
and the United States Probation Office all information concerning the background,
character, and conduct of the defendant, to provide relevant factual information,
including the totality of the defendant's criminal activities, if any, not limited to the count
to which defendant pleads, to respond to comments made by the defendant or
defendant's counsel, and to correct any misstatements or inaccuracies. The United
States further reserves its right to make any recommendations it deems appropriate
regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),
the defendant agrees to complete and submit, upon execution of this plea agreement,
Defendant's Initials CDm                5

an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether

Defendant's Initials _CDM_                6

or not such decision is consistent with the government's recommendations contained herein.

5.  Defendant's Waiver of Right to Appeal and
     Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6.  Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.  Filing of Agreement

Defendant's Initials _CDM_                    7

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

    8.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel. The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel, defendant's answers may later be used against defendant in a

Defendant's Initials <u>CDM</u>     8

prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

Defendant's Initials __ꟾ̣ᑯ𝗆__                9

DATED this ___5th___ day of ___June___, 2008.


ROBERT E. O'NEILL
United States Attorney

CARMEN D. MUNNINGS
Defendant

By: _____

RONALD D. DESANTIS
Special Assistant United States Attorney


RONALD W. MAXWELL
Attorney for Defendant

FRANK M. TALBOT
Assistant United States Attorney
Deputy Chief, Jacksonville Division


Defendant's Initials ___CDM___                    10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:08-cr-

CARMEN D. MUNNINGS

_____

## PERSONALIZATION OF ELEMENTS

1. Do you admit that the United States currency charged in the information belonged to the Navy Exchange Command, Jacksonville, Florida, a department or agency of the United States?

2. Do you admit that, on divers occasions from on or about November 1, 2007 until on or about January 10, 2008, you stole such money for your own personal use?

3. Do you admit that you took the money knowingly and willfully with an intent to deprive the Navy Exchange Command with the use or benefit of the money so taken?

4. Do you admit that the currency you stole from the Navy Exchange Command had a value in excess of $1,000?

Defendant's Initials __CDM__                    11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:08-cr-

CARMEN D. MUNNINGS

_____

## FACTUAL BASIS

Carmen D. MUNNINGS began working full-time at the Navy Exchange (NEX) onboard Naval Air Station Jacksonville, Florida (NAS Jax) in March of 2007. On August 26, 2007, MUNNINGS began working as a cash register associate inside Hangar 1000 at the snack bar run by the NAS Jax NEX. Starting on or about November 1, 2007, MUNNINGS began to operate her cash register with the register door open so she could sell items to patrons of the snack bar without actually ringing the sale into the register, thereby keeping such sales off the books. At the end of the workday, the total amount of money from sales recorded on the cash register was less than the amount of money that MUNNINGS actually had in her cash register. Although the money received by MUNNINGS through unregistered sales was the property of the NEX, MUNNINGS only turned in the money reflected in her cash register receipts; she stole the additional funds garnered through unregistered sales for her own personal use, usually by hiding the stolen funds in her bosom. In fact, when she was relieved of duty on January 10, 2008, MUNNINGS relinquished $120.00 in stolen cash that she had been hiding in her bra to the NEX staff.

Defendant's Initials _CDM_

By not registering these sales MUNNINGS was able to steal upwards of $120 a day from the NEX for her own personal use. For example, from between 0637 and 1337 on January 4, 2008, a digital video recorder (DVR) installed at the NEX snack bar to identify the suspected register thief captured MUNNINGS making 25 sales that she did not ring into the cash register. MUNNINGS also stole cash from the NEX in more conventional ways. For instance, on the evening of January 8, 2008, members of the NEX loss prevention staff inserted, but did not document, an extra $10.00 into MUNNINGS' register moneybag, which usually contained $500.00. When MUNNINGS returned the moneybag to the NEX staff on 9 January 2008, she only returned $500.00 because she kept the additional, undocumented $10.00 for herself.

Due to the difficulty in ascertaining an exact figure from MUNNINGS unregistered sales and other thefts, the parties hereby stipulate that from on or about November 1, 2007 until on or about January 10, 2008, MUNNINGS stole approximately $4,500.00 from the NEX by abusing her position as a cash register associate.

Defendant's Initials  $\underline{\text{CDM}}$          2



RECEIVED
U.S. ATTORNEY

2008 JUN 11  A 10: 12

MIDDLE DISTRICT
FLORIDA JACKSONVILLE